UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                    Plaintiff,

        -against-

INJAWE INC. and DINA E. JOHN,

                  Defendants.
-----------------------------------------------------------X

**ORDER**
24-CV-3051 (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Federal National Mortgage Association ("Plaintiff") initiated this foreclosure action on April 24, 2024, against Defendants Injawe Inc. and Dina E. John (collectively, "Defendants"), seeking to foreclose on a multi-unit property located at 809 Rogers Avenue, Brooklyn, NY 11226 (the "Property"). *See* Compl., ECF 1. On April 10, 2025, Plaintiff filed a motion to hold Defendants in contempt for failing to comply with the Court's order appointing a receiver for the Property. *See* Order Appointing Receiver ("Order"), ECF 20; Mot. for Contempt, ECF 34. Specifically, Plaintiff alleges that since the receiver order was entered in August 2024, Defendants have failed to turn over rents, tenant security deposits, and books or records relating to the Property, as required under the receiver order, with certain discrete exceptions. *See* Status Report, ECF 63, at 2; *see also* Mem. in Supp., ECF 35; Affs. in Supp., ECF 36, 39, 40, 41, 48; Reply, ECF 45. Defendants assert that any non-compliance is the result of impossibility, not willfulness, as "Defendants have not had possession, custody, or control" of the Property "for a substantial period of time," do not have formal books and records to turn over, and remitted all security deposits in May 2025. Joseph Affirmation, ECF 66, ¶¶ 3, 12–13, 15–16; *see* Joseph Affirmation in Opp'n, ECF 44.

For the reasons set forth below, this Court grants Plaintiff's motion.[1]

## DISCUSSION

### I.  Legal Standards

Before imposing contempt sanctions, the Court must "provide notice and opportunity to be heard." *City of N.Y. v. Venkataram*, 568 F. App'x 63, 64 (2d Cir. 2014) (summary order) (quotation marks omitted). In the Eastern District of New York, Local Civil Rule 83.6 requires that contempt proceedings "be commenced by the service of a notice of motion or order to show cause." Loc. Civ. R. 83.6(a). If the alleged contemnor disputes the alleged misconduct or damages, they are entitled, "upon demand," to a hearing before the court or an appointed master. Loc. Civ. R. 83.6(b).

To establish contempt, the movant must show that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (quotation marks omitted); *see also CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)); *Gucci Am., Inc. v. Li*, 768 F.3d 122, 142 (2d Cir. 2014).

The decision to impose civil contempt sanctions is within the court's discretion, but such discretion is "narrowly circumscribed." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003). Civil contempt sanctions "must only be compensatory or coercive, and may not be punitive." *Gucci Am., Inc.*, 768 F.3d at 144 (collecting cases). "A court

---

[1] A magistrate judge presiding over a civil case on consent of the parties is empowered to "exercise the civil contempt authority of the district court." 28 U.S.C. § 636(e)(4).

that imposes monetary penalties as a form of coercive sanction must give the party in contempt an 'opportunity to reduce or avoid the fine through compliance.'" *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-0449 (HG) (LGD), 2022 WL 4357410, at *3 (E.D.N.Y. Sept. 20, 2022) (quoting *CBS Broad. Inc,* 814 F.3d at 101 (internal quotation marks omitted)). While a court may not impose a civil fine to punish a party's past noncompliance with court orders, a prospective fine that accrues until the alleged contemnor complies with the order is acceptable. *Gucci Am., Inc.*, 768 F.3d at 144.

## II. Analysis

### A. Notice & Opportunity to Be Heard

Here, the Court finds that Defendants have had ample notice that non-compliance with the receiver order could result in being held in contempt of court. Defendants were served with the original notice of motion of contempt and the Court's multiple orders to show cause, as required by E.D.N.Y. Local Civil Rule 83.6(a). *See* July 22, 2025 Order & Order to Show Cause (directing defense counsel to "**advise Defendants that continued failure to comply with the Court's order appointing a receiver may result in sanctions, including but not limited to daily monetary sanctions in the amount of $100 per day, payable to Plaintiff's counsel**" (emphasis in original)); Aff. of Service, ECF 37 (certifying that defense counsel served the motion for contempt and supporting papers on Defendants via mail and email); Aug. 6, 2025 ECF Order (granting extension of time to respond to order to show cause and reiterating risk of sanctions); Mar. 11, 2026 ECF Final Order to Show Cause; Frohman Decl., ECF 64 (certifying service of the Final Order to Show Cause on defense counsel and Defendants).

The Court also finds that Defendants have had the requisite opportunity to be heard. In response to the Court's orders to show cause, Defendants requested an

3

extension of time to respond, which the Court granted. *See* Defs. Letter, ECF 43; Aug. 6, 2025 ECF Order (granting requested extension in light of defense counsel's family emergency); Mot. for Extension, ECF 65; Mar. 19, 2026 ECF Order (same). Defendants ultimately submitted multiple responses outlining their position on Plaintiff's contempt motion. *See* John Aff., ECF 38; Joseph Affirmation in Opp'n, ECF 44; Joseph Affirmation, ECF 66. Moreover, under E.D.N.Y. Local Civil Rule 83.6(b), an alleged contemnor is entitled to demand a hearing on the allegations if they contest the charges, but Defendants here have not done so.

In light of the foregoing, the Court finds that Defendants have had notice and an opportunity to be heard on the issue of whether contempt sanctions should issue.

### B. Substantive Factors

#### 1. *Clear and Unambiguous Order*

The Court finds that the receiver order is clear and unambiguous.

The receiver order specifically bars Defendants and their agents from "leasing, renting, or collecting the rents or profits of the Property, and from interfering with the Receiver or in any way with the Property or its possession." Order, ECF 20, at 3. The order directs Defendants to turn over documents in their possession, including "all leases, rent rolls, security deposits of tenants of the Property, and any and all documents, records, service contracts, surveys, plans, specifications, and agreements relating to the management of the Property." *Id.* In other words, since August 2024, Defendants have been required to provide the Receiver with all documents and access the Receiver needs to run the building, and have been barred from collecting rent. Defendants do not argue that the receiver order is unclear.

Accordingly, the Court finds that "the order the contemnor failed to comply with is clear and unambiguous." *Next Invs., LLC,* 12 F.4th at 128.

4

   2.  *Clear and Convincing Proof of Failure to Comply*

The Court finds that the proof of Defendants' failure to comply is clear and convincing.

Plaintiff has submitted five declarations from the Receiver averring that Defendants have failed to turn over the documents, rents, deposits, and other materials required to be delivered under the receiver order. *See* Koppel Decls., ECF 36, 39, 40, 41, 48. In April 2025, the Receiver declared under penalty of perjury that his "attempts to collect rental income from the Property have been to no avail," and that he understood the tenants to be "unwilling[] to make a payment to anyone other than the Borrower-Defendant." Koppel Decl., ECF 36, ¶ 19. In May 2025, Defendants wired the Receiver $25,000.00 in withheld rents, and in August 2025, a broker working on Defendants' behalf provided the Receiver 11 checks totaling $11,583.12, but these funds were not accompanied by "any other financial reporting materials" that would enable the Receiver to fulfill his obligations to the Property. Reply, ECF 45, at 2; *see id.* at 1; Status Report, ECF 63, at 2; *see also* Koppel Decl., ECF 39, ¶¶ 6–8; Koppel Decl., ECF 40, ¶ 4; Koppel Decl., ECF 41, ¶¶ 3, 5; Koppel Decl., ECF 48, ¶¶ 3, 5. Most recently, Plaintiff submitted a letter representing that as of March 2026, Defendants "have still not turned over tenants' security deposits, books and records for the Property, and all of the collected rents," apart from the exceptions described above and "certain subsidy payments from governmental agencies." Status Report, ECF 63, at 2. Moreover, Plaintiff represents that "[n]one of the five residential tenants nor the commercial business unit located in the Property have paid any rent to the Receiver since the inception of the receivership." *Id. But see* Koppel Decl., ECF 36, ¶ 19 (representing that one tenant had made two payments totaling $564.00 as of April 2025).

Defendants essentially concede that they have failed to fully comply with the order appointing a receiver, but assert that they have "made consistent efforts to resolve this matter," and "[a]ny alleged non-compliance is the result of impossibility — not willfulness." Joseph Affirmation, ECF 66, ¶¶ 30, 32. Specifically, Defendants assert that they "have not had possession, custody, or control" of the Property "for a substantial period of time" and have been advised that "any attempt to access the Property would subject them to trespass allegations." *Id.* ¶¶ 3, 7. They contend that "if tenants are not remitting rent directly to the Receiver or he is not receiving any payments from the government agency, any such payments may still be sent to the Property," and that they are "willing to coordinate with the Receiver or the Receiver's agent to access the mailbox and turn over any items located therein." *Id.* ¶¶ 9, 11. Moreover, Defendants aver that they "did not maintain formal or organized books and records," turned over all tenant security deposits by transferring them to "the Debtor-in-Possession account during the bankruptcy proceeding," which was "turned over to the Receiver in May 2025," and "have not exercised operational control over the Property or collected rents" in over two years. *Id.* ¶¶ 12–13, 15–17, 18–19. This position is substantially in accord with Defendants' response to the Court's first order to show cause, where counsel averred that Defendants were advised that "any continued failure to comply with the Court's Order appointing a receiver may result in sanctions" and that Defendants were "willing to sign any authorization of documents to facilitate the payment of any rents directly to the Receiver." Joseph Affirmation in Opp'n, ECF 44, ¶¶ 2, 4.

Ultimately, the Court finds that Defendants' argument that they "remain willing to cooperate and coordinate with the Receiver regarding any access to the Property or retrieval of materials" underscores Plaintiff's position that Defendants remain out of compliance with the receiver order. Joseph Affirmation, ECF 66, ¶ 33.

### 3. No Diligent Compliance in a Reasonable Manner

The Court finds that, overall, Defendants have not demonstrated reasonably diligent compliance with the receiver order.

Defendants' responses to Plaintiff's contempt motion have involved promises to take incremental steps towards compliance. *See* John Aff., ECF 38; Joseph Affirmation in Opp'n, ECF 44; Joseph Affirmation, ECF 66. To Defendants' credit, in July 2025, Defendant John and defense counsel promised to meet the receiver's representative at the Property to facilitate the transfer of mailed rent checks, and this transfer appears to have occurred in August 2025. *See* Joseph Affirmation in Opp'n, ECF 44, ¶ 4; Reply, ECF 45, at 1–2. But Plaintiff avers, and Defendants do not dispute, that since August 2025, Defendants have not turned over any further rents or records as required under the receiver order. *See generally* Reply, ECF 45; Status Report, ECF 63; *see also* Joseph Affirmation, ECF 66. Moreover, in July 2025, Defense counsel offered to work with Defendants to provide "a spreadsheet of any rents that may have been deposited in the Defendant's bank account" and to turn over any deposits over immediately. Joseph Affirmation in Opp'n, ECF 44, ¶ 5. This, too, has not happened. *See* Reply, ECF 45, at 2.

The Court further notes that Defendants assert that they "have made repeated efforts to communicate with the Receiver and Plaintiff's counsel and to resolve this matter," and that therefore Plaintiff's characterizations of their conduct "present[] an incomplete and misleading account of the facts." Joseph Affirmation, ECF 66, ¶¶ 22, 31. This position, however, is belied by Plaintiff's submission of numerous email communications to which Defendants did not meaningfully respond, and the lack of any proffer of comparable evidence on Defendants' part. *See, e.g.*, Ex. 1, Koppel Decl., ECF 40-1; Ex. 1, Koppel Decl., ECF 41-1; *see also Kim v. Ji Sung Yoo*, No. 15-CV-3110 (JSR), 2019 WL 3162128, at *3 (S.D.N.Y. May 17, 2019) (finding that "conclusory assertions" are

7

insufficient to carry an alleged contemnor's burden to establish a defense to contempt). That said, the Court queries why, in light of Plaintiff's control of the Property, Defendants would need to be involved in facilitating the Receiver's *ongoing* access to the mailbox in which rents may have been deposited.

The Court finds that the record in this case amply establishes that Defendants have not diligently complied with the receiver order in a reasonable manner. Accordingly, contempt sanctions are warranted.

### CONCLUSION

For the foregoing reasons, the Court holds Defendants in contempt of court for violating this Court's order appointing a receiver. At the same time, however, the Court questions the utility — or futility — of imposing sanctions, to the extent that Defendants may not be in a position to comply with all the receiver order's requirements. *See* Joseph Affirmation, ECF 66, ¶¶ 12–13, 15–17, 18–19; *see also Gaffos, Inc. v. Designer Optics Corp.*, No. 20-CV-5783 (EK) (RER), 2022 WL 2467539, at *11 (E.D.N.Y. Mar. 23, 2022) (noting that civil contempt sanctions must serve either a coercive or compensatory purpose, and denying sanctions where they "would only serve to punish . . . non-compliance"), *report and recommendation adopted*, 2022 WL 2467472 (E.D.N.Y. June 6, 2022). Because the record is unclear as to what sanctions would coerce reasonable compliance, a sanctions hearing is warranted.

A sanctions hearing will be held on **May 11, 2026, at 10:00 a.m. in Courtroom 13D South** before Magistrate Judge Taryn A. Merkl. Defendant John is required to appear at this hearing personally; failure to appear will be a violation of a court order and may subject Defendants to a further contempt sanction. If Defendants are not in reasonable compliance with the receiver order by the date of this hearing, the Court may sanction Defendants in an amount not to exceed **$100 per day**, payable to Plaintiff,

8

to terminate when Defendants come into compliance with the receivership order, or other appropriate relief, following notice and an opportunity to be heard.

In advance of this hearing, Defendants are ORDERED to meet and confer with Plaintiff to facilitate the turnover of any rents, security deposits, and documentation "relating to the management of the Property," consistent with their representation that they are willing to assist the Receiver in accessing the mailbox where rents may have been deposited. Order, ECF 20, at 3; *see* Joseph Affirmation, ECF 66, ¶ 11. Defendants shall be prepared to present evidence as to what the steps they have taken to come into compliance with the receiver order. Plaintiff shall be prepared, with witnesses and/or documentary evidence, to demonstrate how, if at all, Defendants remain out of compliance with the receiver order and what steps are necessary to bring Defendants into reasonable compliance, in light of Defendants' representations that they "did not maintain formal or organized books and records," turned over all tenant security deposits in May 2025, and "have not exercised operational control over the Property or collected rents" in over two years. Joseph Affirmation, ECF 66, ¶¶ 12–13, 15–17, 18–19.

At least one week prior to the hearing, the parties shall exchange witness lists, exhibit lists, and pre-marked exhibits. Each party is directed to provide two courtesy copies of their witness list, exhibit list, and pre-marked exhibits to Judge Merkl by **May 4, 2026**. Additionally, also by **May 4, 2026**, the parties are directed to advise Magistrate Judge Merkl's Courtroom Deputy of their anticipated technology needs for the hearing.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 31, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

9